NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 14 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUIS FERNANDO POROJ-LOPEZ, | No. 14-73742 |
| Petitioner, | Agency No. A205-521-429 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 9, 2017**

Before: SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Luis Fernando Poroj-Lopez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Madrigal v. Holder*, 716 F.3d 499, 503 (9th Cir. 2013). We dismiss in part, deny in part, and grant in part the petition for review and remand.

We lack jurisdiction to consider Poroj-Lopez's contention that he will be harmed based on his ethnicity because he failed to raise the issue before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (petitioner must exhaust issues or claims in administrative proceedings below).

Substantial evidence supports the BIA's conclusion that even if Poroj-Lopez was a member of a valid social group of "business and/or land owners," he failed to demonstrate a nexus between the harm he suffered and fears and his membership in that group. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (an applicant "must provide s*ome* evidence of [motive], direct or circumstantial").

Without addressing the cognizability of the group, the BIA also concluded that even if Poroj-Lopez was a member of a valid social group of "witnesses to corrupt government officials," he failed to establish that his past mistreatment reflected anything more than indiscriminate criminal violence in Guatemala. Substantial evidence does not support this conclusion. *See Hu v. Holder*, 652 F.3d 1011, 1019 (9th Cir. 2011). In light of our conclusion, and remand as to Poroj-Lopez's claim of past persecution, we do not reach the agency's relocation finding.

14-73742

*See* 8 C.F.R. § 1208.13(b)(1) (If an applicant is entitled to a presumption of a fear of future persecution, the government shall bear the burden of establishing the applicant could not relocate to avoid harm). In remanding, we express no opinion as to the cognizability of the proposed social groups in this case. *See Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) (per curiam) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency. If we conclude that the BIA's decision cannot be sustained upon its reasoning, we must remand to allow the agency to decide any issues remaining in the case.").

As to CAT relief, the IJ mischaracterized the evidence regarding a supervising police officer's motivation to target Poroj-Lopez. Also, the agency's finding that there was no evidence that government officials would acquiesce in Poroj-Lopez's torture is not supported. *See Madrigal*, 716 F.3d 499, 509 (9th Cir. 2013) ("[A]n applicant for CAT relief need not show that the entire foreign government would consent to or acquiesce in his torture. He need show only that 'a public official' would so acquiesce.").

Thus, we dismiss in part, deny in part, and grant in part the petition for review, and remand Poroj-Lopez's asylum, withholding of removal, and CAT

claims to the agency for further proceedings consistent with this disposition. *See*

*INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam). In light of this remand, we

do not reach Poroj-Lopez's remaining contentions at this time.

Costs are awarded to petitioner.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part;**

**GRANTED in part; REMANDED.**